(September 30, 1985)

■ In the Matter of John E. Modjeska, an Attorney, Respondent. Committee on Professional Standards, Third Judicial Department, Petitioner.—In this attorney disciplinary proceeding, the Committee on Professional Standards moves to confirm and respondent moves to disaffirm the report of the referee which sustained four charges of professional misconduct against respondent.

Respondent was admitted to practice by this court in 1971 and maintains a law office in the City of Kingston.

The charges arise out of respondent's alleged improper handling of two separate matters entrusted to him by clients, a home construction lawsuit and the defense of a contempt motion.

We find that charge II and specifications Nos. 2 and 3 of charge III are sustained by the evidence and should be confirmed. Charge II accuses respondent of violating the Code of Professional Responsibility DR 1-102 (A) (4), (5) and (6) by falsely stating in a letter to petitioner that he had served a bill of particulars in the home construction lawsuit. Respondent admits he never filed a bill and we find the various "explanations" for the false statement unavailing. Specification No. 2 of charge III accuses respondent of misleading his client on two occasions with respect to the dates he intended to mail a bill of particulars while specification No. 3 of this charge alleges respondent misled the client on two occasions with respect to the scheduling of examinations before trial and the reasons for their cancellation. Specification No. 1 of

charge III, which we find unsupported by a preponderance of the evidence, accuses respondent of falsely stating to the client on two occasions that a bill of particulars had been served.

We find charges I and IV unsupported by the evidence and dismiss these charges. Charge I accuses respondent of neglect of the home construction lawsuit, specifying that he never complied with a demand for a bill of particulars or a demand for discovery and inspection and failed to provide the client with requested updates on the status of the litigation. While the factual assertions of charge I are essentially correct, we find the failures do not constitute neglect. Respondent actively pursued the litigation in a number of respects and could have reasonably believed he had been dismissed as counsel by the client for at least two of the months in question. Also, while respondent did not respond to all of the client's calls personally, there is no evidence she was not informed when any significant progress or reversal took place during the course of the litigation, aside from respondent's misleading statements with respect to service of a bill of particulars and scheduling examinations before trial.

Charge IV accuses respondent of neglect of another matter because he failed to appear in court on a client's behalf on the return date of a contempt motion brought against the client for failure to comply with an information subpoena. We find the admitted failure to appear did not constitute neglect because respondent had an excuse for his nonappearance, attempted to have the matter adjourned by directing his secretary to inform the court of the situation, and later seems to have been able to purge the resulting contempt order by having the client provide the information sought by the subpoena. We further find the second specification of charge IV unsupported by the evidence which shows that the County Judge did not request respondent to move to reargue the contempt motion but only suggested the making of such a motion and that respondent's contacting of another law firm was part of an effort to locate the client and occurred after the client had dismissed respondent as his attorney.

In determining a sanction to be imposed for those counts of misconduct sustained by the evidence, we have considered, among other things, respondent's previously unblemished record and his good reputation for honesty and integrity in the community as testified to by several witnesses. We conclude that respondent should be censured.

Motion to confirm charge II and specifications Nos. 2 and 3

of charge III granted. Charges I and IV and specification No. 1 of charge III dismissed. Respondent censured. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.